ORIGINAL

# In the United States Court of Federal Claims

No. 15-1026C
(Filed October 31, 2016)
NOT FOR PUBLICATION

**FILED**

OCT 3 1 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * *
                               *
                               *
JERMAINE A. HARRIS,            *
                               *
              Plaintiff,       *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
                               *
* * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Plaintiff, Jermaine A. Harris, alleges that the officials of the State of Florida who participated in his criminal trial never took their oaths of office, and thus acted without proper legal authorization. The government has moved to dismiss the case for lack of subject-matter jurisdiction under Rule 12 (b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons stated below, the government's motion is **GRANTED**. Additionally, plaintiff has requested that any claims he has presented which are outside our jurisdiction be transferred to a court with jurisdiction. For the reasons stated below, that request is **DENIED**.

### I. BACKGROUND

On April 10, 1998, Mr. Harris was convicted by the State of Florida of first degree murder, and various other charges, and sentenced to life in prison. Compl. at 3. On June 14, 1999, those convictions were affirmed by the Florida First District Court of Appeal. *Id.* Plaintiff remains in the custody of the State of Florida, and none of his convictions have been overturned. *See* Compl.

On September 14, 2015, plaintiff filed a complaint in this court, naming the United States of America and the State of Florida as defendants. Compl. at 1. In

7014 1200 0000 9093 9669

that complaint, plaintiff alleges that the state officials involved in the investigation of his criminal actions, and the state prosecutor and state judges involved in his criminal trial, never took their oaths of office. *Id.* at 1–2. The involvement of these purportedly unauthorized agents in his criminal trial, plaintiff asserts, constituted a violation of various state and federal laws, as well as certain provisions of the United States Constitution. *Id.* In particular he lists the following crimes alleged to have been committed: "[f]ailure to pay fiduciary tax liability inherent in acting on the basis of nonexistent claim," harassment, treason, fraud, extortion, mail fraud, perjury, civil racketeering, criminal racketeering, falsification of public documents, misleading public officials, malicious prosecution, hate crimes, kidnapping, robbery, false swearing, taking office before qualified, and obstruction of justice, in violation of the Sixth and Fourteenth Amendments to the United States Constitution; 18 U.S.C. Sections 245, 872, 1001, 1018, 1341, 1963–64, 2381, 8872; and Florida Statute Sections 787.01, 812.13, 817.034, 837.012, 839.18, 843.0855(2), 876.10. Compl. at 2. Mister Harris also asserts that the United States has been defrauded by the actions of these state officials, and seeks $20 million for the harm allegedly done to him and to the United States. *Id.* at 1, 7.

The government has filed a motion to dismiss Mr. Harris's complaint. In support of that motion, the government makes three arguments. First, the government argues that we have no jurisdiction over claims against the State of Florida, or its agents. Def.'s Mot. to Dismiss (Def.'s Mot.) at 3. Second, defendant contends that Mr. Harris has failed to identify a money-mandating law or constitutional provision which could support jurisdiction in this court. *Id.* at 4–5. Finally, the government argues that any claim Mr. Harris might have, in connection with his criminal trial and conviction, is barred by the statute of limitations. *Id.* at 7.

Plaintiff filed a response to the government's motion. In it, he contends that he has properly invoked this court's Tucker Act jurisdiction by making claims under various allegedly money-mandating constitutional provisions, statutes, or regulations. First, plaintiff points to various federal regulations, 31 C.F.R. §§ 240.6–.7, concerning the fraudulent endorsement of checks. Pl.'s Reply and Responsive Pleading to Def.'s Mot. to Dismiss (Pl.'s Resp.) at 3–5, 18. Plaintiff claims that when the purported officials of the State of Florida endorsed their paychecks they violated the above regulations and committed an offense against the United States.[1] *Id.* 3–5, 10–14. Mister Harris maintains that he may vindicate the United States' rights under these provisions, under the False Claims Act, 31 U.S.C. §§ 3729–30. Pl.'s Resp. at 13–14. Second, plaintiff claims that the government of

---

[1] Plaintiff appears to base this theory on alleged violations of 4 U.S.C. § 101, which requires all state and federal officers to take oaths to support and defend the Constitution of the United States; of certain Florida statutes that require state officials to take oaths of office, FLA. STAT. §§ 876.05, 876.08–.09; and of Article II, Section 5(b) of the Florida Constitution. *See* Pl.'s Resp. at 9, 11–12, 15.

the United States committed an unlawful taking of his liberty, in violation of the Fifth Amendment to the United States Constitution, when the State of Florida imprisoned him. *Id.* at 5–8. He describes this as a "third party taking." *Id.* at 6. In connection with this claim, Mr. Harris alludes to a bond formed by contract between him and the State of Florida, the records of which he alleges are maintained by the United States Department of Justice. *Id.* at 5–6.[2] Third, plaintiff claims that Florida illegally exacted monies from him to pay for the cost of his prosecution, and that this is a claim under a money-mandating constitutional provision.[3] *Id.* at 8–9 (citing *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005); *Casa de Cambio Comdiv S.A. de C.V. v. United States*, 291 F.3d 1356, 1360 (Fed. Cir. 2002)). And finally, plaintiff requests that any claims outside our jurisdiction "be transferred to the appropriate court" under 28 U.S.C. § 1631. Pl.'s Resp. at 20.

The government filed a reply in support of its motion, arguing that none of the sources of law identified by plaintiff provides a basis for our jurisdiction over his claim. Reply in Support of Def.'s Mot. to Dismiss at 1–4. Defendant notes that Mr. Harris did not respond to the statute of limitations argument. *Id.* at 1. The government explains that plaintiff cannot bring an action against the United States on behalf of the United States, and that he failed to identify any actions of the federal government, or violations of money-mandating laws. *Id.* at 2–3. Plaintiff responded with a combined motion for leave to file a sur-reply and motion to strike the government's reply, in which he argues that the timeliness of his complaint was addressed in his earlier paper. Pl.'s Mot. to Reply/Strike at 1–2. As no cause for striking the government's paper has been supplied by Mr. Harris, the motion to strike is **DENIED** and the document will be considered as a sur-reply.[4]

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), this Court must dismiss a claim over which it lacks subject-matter jurisdiction. Our court's "power to adjudicate in specific areas of substantive law" is properly challenged by a RCFC 12(b)(1) motion. *Palmer v.*

---

[2] Plaintiff bases his recordkeeping assertion on an irrelevant provision of the Administrative Procedure Act, 5 U.S.C. § 552(a)(2)(A)–(B). *See* Pl.'s Resp. at 5–6.

[3] In support of this claim, plaintiff makes a reference to the Uniform Commercial Code (UCC). Pl.'s Resp. at 8. The Court fails to understand how the UCC has any relevance to our court's jurisdiction.

[4] Mister Harris has also subsequently filed a motion for summary judgment, contending that his allegations that Florida state officials failed to take their oaths have not been refuted, and a demand for discovery from Florida officials. Because this court lacks jurisdiction over his claims, both motions are **DENIED-AS-MOOT.**

*United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). Here, despite being a *pro se* litigant, Mr. Harris's pleadings must show that one or more of his claims falls within the jurisdiction of this court if he is to avoid dismissal.

The subject-matter jurisdiction of the Court of Federal Claims is primarily set out in the Tucker Act, which grants "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Because the Tucker Act itself does not create a substantive cause of action, however, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). In *United States v. Mitchell*, 463 U.S. 206 (1983), the Supreme Court explained:

> Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Government for the damages sustained."

*Id.* at 216–17 (quoting *Testan,* 424 U.S. at 400) (internal citations omitted).

## B. Analysis

The government makes three arguments in support of its claim that Mr. Harris's claims fall outside our subject-matter jurisdiction. First, the government argues that we have no jurisdiction over claims against states, or their agents, and as all of Mr. Harris's claims are against Florida or its agents --- or, in his view,

purported agents --- those claims must be dismissed. Def.'s Mot. at 3. Second, the defendant contends that Mr. Harris has failed to identify a money-mandating source of law that could support jurisdiction in this court. *Id.* at 4–7. Last, defendant contends that any claim Mr. Harris could have, which related to his criminal case, would be time-barred as his complaint comes more than six years after his conviction was affirmed by the Florida First District Court of Appeals. *Id.* at 7 (citing 28 § U.S.C. 2501).

Mister Harris's responses to the government's arguments are somewhat difficult to follow. As an initial matter, plaintiff seems to take issue with the claim that the State of Florida is a separate sovereign from the United States. He asserts that the State of Florida is an "entity which is an arm of the government as a whole." Pl.'s Resp. at 5. But the State of Florida is a separate sovereign, *see Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 751 (2002), and claims against it cannot be heard by our court, *see* 28 U.S.C. § 1491(a)(1) (2012) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States"); *see Souders v. S. Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007) (holding our court does not have jurisdiction over claims against states or their agents). Accordingly, to the extent Mr. Harris claims are founded upon the actions of the State of Florida, or its agents, those claims must be dismissed.

As plaintiff has not alleged anything that was done by the United States government or its officials, the above is sufficient for the dismissal of his case.[5] The Court will briefly treat the other, equally sufficient, grounds for dismissal. Plaintiff, in his response, alludes to a bond that was posted, and ultimately forfeit, in connection with his criminal proceedings, and claims that he was required to reimburse the State of Florida for the costs of his prosecution. Pl.'s Resp. at 7–8. To the extent that these are claims for money, they are claims against the State of Florida. As such, they are outside our subject-matter jurisdiction. *See Souders*, 497 F.3d at 1308.

Plaintiff also claims, throughout his response, that the United States has been defrauded by the agents of the State of Florida who failed to take their oaths of office. Pl.'s Resp. at 3–6, 9–16. Though the exact nature of this fraud is difficult to follow, it appears that plaintiff is claiming that because these purported agents of the State of Florida never took their oaths of office, they were never entitled to their salaries. That dispute would not involve the United States as a party, and certainly

---

[5] The only mentions of a federal actor that can be discerned from plaintiff's papers are what appear to be two references, without elaboration, to the U.S. District Court for the Middle District of Florida. *See* Pl.'s Resp. at 7–8. In any event, our court does not have jurisdiction to hear appeals of district court actions. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001).

not as a defendant, which is the role the United States plays in this court. *See* 28 U.S.C. § 1491. Thus, even if plaintiff were correct in thinking that the United States was owed money by these third parties, this is not a claim plaintiff is authorized to bring in this court against the United States. Plaintiff cites the False Claim Act, 31 U.S.C §§ 3729–30, as supporting our jurisdiction. *See* Pl.'s Resp. at 14. But a claim *on behalf of* the federal government is not a claim against the federal government, and only the latter has been assigned to our court. *See* 28 U.S.C. § 1491.[6] Moreover, *"qui tam* suits may only be heard in the district courts." *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995).

The provisions of the United States Constitution plaintiff relies on also cannot support jurisdiction in our court. Of those three provisions --- the Fifth, Sixth, and Fourteenth Amendments --- the latter two are not money mandating. *See Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (Sixth Amendment); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013) (Fourteenth Amendment).[7] The Fifth Amendment, of course, can be money mandating, *see Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008); *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996), but plaintiff has failed to allege a taking of property or an illegal exaction committed by the United States.[8] In sum, plaintiff has failed to identify any source for our court's jurisdiction over his claims.

Finally, while the Court has the power to transfer claims to a court of competent jurisdiction under 28 U.S.C. § 1631, the nature of plaintiff's claims are such that is impossible to determine whether any court could have jurisdiction over them. Accordingly, transfer would not be in the interest of justice, and Mr. Harris's request that claims be transferred is **DENIED.**

---

[6] The same flaw exists with plaintiff's reliance on 31 C.F.R. § 240.1(b). *See* Pl.'s Resp. at 4. That regulation relates to the procedures the United States Treasury employs in dealing with counterfeit checks, and has nothing to do with an obligation to pay money to plaintiff.

[7] In addition, the Fourteenth Amendment does not apply to the actions of the federal government. *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)).

[8] To the extent plaintiff has alleged either of these, they were committed by the State of Florida, not the United States.

- 6 -

## III. CONCLUSION

For the reasons stated above, the government's motion to dismiss this case under RCFC 12(b)(1), for lack of subject-matter jurisdiction, is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge